UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER JACOB STEVENS,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN COUNTY, NEVADA, et al.,<br><br>Defendants. | Case No. 2:25-cv-01662-JAD-EJY<br><br>**Order Adopting Report and Recommendation, Dismissing Claims, and Granting Limited Leave to Amend by 12/1/25**<br><br>ECF No. 3 |

On 10/27/25, the magistrate judge entered this order, report, and recommendation [ECF No. 3]:

Pending before the Court are Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) and Complaint (ECF No. 1-1). The Application is complete and granted below.

**I.    SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide

more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

The Court reviewed Plaintiff's Complaint in an attempt to understand Plaintiff's narrative. Plaintiff alleges that an inmate escaped from Lincoln County Detention Center and burglarized his home. ECF No. 1-1 at 2. According to Plaintiff, inmate Michael Joshua Stotter was located in an unsecured public parking lot with no restraints when he escaped from detention. *Id.* Why Stotter was in the lot is unclear as Plaintiff says alternatively that Stotter was awaiting prison transit and, at the same time, Stotter had access to auction vehicles that "he is working on with keys." *Id.* at 2, 5. Plaintiff alleges Stotter was able to make eleven calls "to his victim" to announce his escape from a detective's phone; however, it is unclear when these calls were made, whether these calls were made to Plaintiff, and if so, whether Plaintiff answered any of the calls. *Id.* at 2. After escape, Stotter allegedly broke into Plaintiff's home, where Plaintiff and Barbara J. Stevens were asleep, and stole clothing, shoes, and a motorcycle. *Id.* at 2-3.

Two to three hours after Stotter escaped, the Sheriffs arrived at Plaintiff's home to "harass" him and Ms. Stevens. *Id.* at 4. Plaintiff says Lincoln County Sheriffs returned to Plaintiff's home nine hours later with "a bogus search warrant." *Id.* at 5. Plaintiff also says that the Sheriffs found inmate jail clothes in his bathroom hamper, *id.* at 4, but it is unclear whether the clothes were discovered during the Sheriffs' first or second visit. At some point, Plaintiff was arrested for aiding and abetting a fugitive. *Id.* at 2. Plaintiff notes the motorcycle was never reported missing because the Lincoln County Sheriffs "will not accept fault" for alleged wrongdoing. *Id.* at 5. Sometime prior to Plaintiff's arrest Sheriffs told Plaintiff they followed footprints to his driveway, which Plaintiff "called bullshit and harassment" because inmate Stotter was a family friend. *Id.* at 8. Plaintiff further alleges the Sheriffs have retaliated by "using" known drug dealers and convicted felons with the approval of the District Attorney and judges. *Id.* at 5.

Plaintiff generally alleges that Lincoln County Detention Center is a transit hub for federal criminals on their way to maximum security prisons. *Id.* at 4. Plaintiff says that inmates escape from Lincoln County Detention Center because of "laziness [,] no supervision, no fence or restraints and running shoes are issued too [sic] workers," but the Sheriff's Office has not responded by punishing or firing anyone. *Id*. at 4.

### III.    DISCUSSION

Plaintiff asserts three claims. First, Plaintiff claims a violation of the Second, Fourth, and Fifth Amendments "freedom from violence [and] protection from invasion" based on Stotter's escape from prison. *Id*. at 7. Second, Plaintiff claims that Lincoln County Sheriffs used illegal search procedures to harass him. *Id*. at 8. Here, Plaintiff avers excessive force by officers, retaliation, and "harassment in the form of criminal charges." Third, Plaintiff alleges "threat to life, liberty and the pursuit of happiness" by the Lincoln County Sheriff's Office[1] based on the "criminal behavior" of the Sheriff's Office and Lincoln County Detention Center. *Id*. at 9. Plaintiff notes that raw sewage has leaked in cells for four months or longer. *Id*. Altogether, Plaintiff submits that he and Ms. Stevens are entitled to a minimum of $500,000 in damages and punitive damages of $2 million. *Id*. at 10.[2]

    A.    *Younger* Abstention.

Under *Younger* abstention (established in *Younger v. Harris*, 401 U.S. 37, 43 (1971)), federal courts are precluded "from interfering with pending state criminal proceedings even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury." *Williams v. Nevada*, Case No. 3:23-cv-00581-ART-CLB, 2023 WL 11956415, at *2 (D. Nev. Dec. 6, 2023), *report and recommendation adopted*, Case No. 3:23-cv-00581-ART-CLB, 2024 WL 4278650 (D. Nev. Sept. 24, 2024) (internal citations omitted). To determine if *Younger* abstention applies, federal courts look to whether the state criminal proceeding

---

[1]    Hereinafter, "Sheriff's Office."
[2]    Plaintiff references a civil case he filed, 2:24-cv-02340-RFB-MDC (the "2340 Case"). The Court finds Plaintiff's allegations at ECF No. 1-1 at 5-6, 9 in the instant matter arise from and relates to the allegations and causes of action in the 2340 Case. To the extent Plaintiff is asking this Court to rule on claims pending in the 2340 Case, the Court declines to do so. To the extent the Court's findings in the instant matter appear to implicate allegations made in the 2340 Case, the findings below do not interpret or resolve any issues in that case.

3

is "(1) ongoing, (2) implicate[s] important state interests, and (3) provide[s] an adequate opportunity ... to raise constitutional challenges." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1044 (9th Cir. 2019) (internal quotation marks omitted). Lastly, *Younger* abstention applies when the federal court action would enjoin—or have the practical effect of enjoining—ongoing state criminal proceedings. *San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (explaining that federal action would have the practical effect of enjoining when federal action would interfere in a way that *Younger* disapproves).

Applying this standard to Plaintiff's claims, the Court first finds Plaintiff's state criminal proceedings are likely ongoing as Plaintiff represents that his current criminal counsel is seeking to unseal an affidavit. ECF No. 1-1 at 6. Second, it is well established that "state criminal proceedings implicate important state interests." *Perez v. City of North Las Vegas*, Case No. 2:24-cv-00918-GMN-MDC, 2025 WL 401401, at *3 (D. Nev. Feb. 4, 2025); *see Kelly v. Robinson*, 479 U.S. 36, 42 (1986). Third, state proceedings provide Plaintiff with proper channels to raise his constitutional claims. *Perez*, 2025 WL 401401 at *3 (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)). Apart from Plaintiff's Fourteenth Amendment Conditions of Confinement claim, all of Plaintiff's other claims that are granted leave to amend below relate to the conduct underlying Plaintiff's arrest for aiding and abetting a fugitive. Thus, this Court's action could have the practical effect of enjoining the ongoing state criminal proceedings as Plaintiff is seeking damages for these alleged constitutional violations and such a request would require the Court to determine whether a violation in fact occurred. *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004).[3]

Given that it is unclear whether Plaintiff is currently facing an ongoing state criminal proceeding related to his arrest for aiding and abetting a fugitive, the Court declines to stay Plaintiff's claims under *Younger*. *Perez*, 2025 WL 401401, at *3; *cf. Doop v. Wolfson*, Case No. 2:22-cv-00482-JAD-NJK, 2022 WL 4370196, at *3 (D. Nev. July 19, 2022), *report and recommendation adopted*, Case No. 2:22-cv-00482-JAD-NJK, 2022 WL 16949713 (D. Nev. Nov. 15, 2022).

---

[3] The Court finds the exception to *Younger* do not apply here. Plaintiff asserts no facts to support an extraordinary circumstance that meets the standards found in *Bean v. Matteucci*, 986 F.3d 1128 (9th Cir. 2021) or *Applied Underwriters, Inc. v. Lara*, 37 F.4th 579 (9th Cir. 2022). Plaintiff says informants were used and harassment in the form based on criminal charges brought against him; however these conclusory allegations are insufficient to demonstrate an exception to *Younger*.

However, if Plaintiff files an amended complaint, as he is permitted to do in the Order below, he must establish that there is no ongoing criminal proceeding related to or arising from his arrest for aiding and abetting a fugitive or any other events related to the allegations raised before this Court.

### B. Plaintiff's Factual Allegations Do Not Stated a Claim for Relief.

#### 1. *First Amendment Retaliation*

The First Amendment "prohibits government officials from subjecting an individual to retaliatory actions for engaging in protected speech." *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019) (internal quotations and citations omitted). "If an official takes adverse action against someone based on that forbidden motive, and 'non-retaliatory grounds are in fact insufficient to provoke the adverse consequences,' the injured person may generally seek relief by bringing a First Amendment claim." *Id*. (internal quotations and citations omitted).

Plaintiff does not identify in what speech he engaged or what government conduct was retaliatory. An allegation that an arrest is retaliatory requires a plaintiff to show there was no probable cause to arrest him, and retaliation was a substantial or motivating factor. *Id.* A retaliatory prosecution claim requires a plaintiff to plead (and eventually prove) "that the decision to press charges was objectively unreasonable because it was not supported by probable cause." *Id*. In the absence of any facts to support a First Amendment Retaliation claim, but because it is possible for Plaintiff to state such a claim, the Court dismisses this claim without prejudice, but with only one leave to amend.

#### 2. *Second Amendment*

Plaintiff alleges no facts to support a violation of the Second Amendment, which, in this case, must be intended to apply to the right to "keep and bear arms." U.S. Const. amend. II. Section 1983 lawsuits alleging violations of Second Amendment rights fall into three broad categories: (1) "who" challenges—claims brought by litigants who are categorically prevented from owning firearms based on their personal status, (2) "where" challenges—claims asserting the right to carry a firearm outside of the home, and (3) "what" challenges—claims challenging whether a type of firearm can be prohibited. John Parker Sweeney and Marc Nardone, SWORD & SHIELD: A PRAC. APPROACH TO SEC. 1983 LITIG., 6.IV.B Specific Types of Challenges, (American Bar Association

5

2021 ed.). Plaintiff offers no explanation or basis for how his Second Amendment rights were violated by the conduct alleged in his Complaint and the factual allegations have no relationship to the protections afforded by the Second Amendment. For this reason the Court recommends Plaintiff's claims related to this amendment be dismissed with prejudice.

### 3. Fourth Amendment

The Fourth Amendment guarantees the right to be free from "unreasonable searches and seizures," U.S. Const. amend. IV, and prohibits arrests without probable cause. *Beck v. State of Ohio,* 379 U.S. 89, 91 (1964). Searches are unreasonable and invalid unless based on probable cause and executed pursuant to a warrant. *Katz v. United States*, 389 U.S. 347, 357 (1967). To prevail on a § 1983 claim of malicious prosecution, which Plaintiff may be alleging, he "'must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.'" *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting *Freeman v. City of Santa Ana,* 68 F.3d 1180, 1189 (9th Cir. 1995)).

Plaintiff fails to identify the basis for his Fourth Amendment claim. It is unclear whether Plaintiff is claiming whether his arrest or the search warrant, or both, were not supported by probable cause. Accordingly, this claim is dismissed without prejudice and with leave to amend.

### 4. Fifth Amendment

The Fifth Amendment is applicable to federal actors only. *Jost v. Brown*, Case No. 1:09-cv-00507-SKO PC, 2010 WL 2572847, *3 (E.D. Cal. June 22, 2010) ("[T]he Fifth Amendment … applies only to the federal government," *quoting Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008)). All Defendants against whom Plaintiff seeks to proceed are state or local actors. Thus, Plaintiff's Fifth Amendment claims fail as a matter of law and must be dismissed.

### 5. Fourteenth Amendment

#### a. Protection from Invasion

In *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 197 (1989), the Supreme Court held a state's failure to protect an individual against private violence does not constitute a violation of the Due Process Clause of the Fourteenth Amendment. However, there are

two recognized exceptions: "(1) when the state affirmatively places the plaintiff in danger by acting with deliberate indifference to a known or obvious danger (the state-created danger exception); and (2) when a special relationship exists between the plaintiff and the state (the special-relationship exception)." *Murguia v. Langdon*, 61 F.4th 1096, 1106 (9th Cir. 2023) (internal citations and quotations omitted). The state-created danger exception requires: (1) the state to affirmatively act to place plaintiff in danger, and (2) "the state acts with deliberate indifference to a known or obvious danger." *Id*. (internal citations and quotations omitted).

Plaintiff alleges that Defendants were deliberately indifferent based on their "negligent" or "grossly negligen[t] …" conduct in "allow[ing]" inmate Stotter to escape. ECF No. 1-1 at 4, 8. Even if the Court accepts Plaintiff's contention that Defendants acted with gross negligence, Plaintiff fails to state a failure to protect claim because, as the Ninth Circuit holds, "mere negligence—or even gross negligence—is not enough for deliberate indifference." *Patel v. Kent School Dist.*, 648 F.3d 965, 976 (9th Cir. 2011) (citing *L.W. v. Grubbs*, 92 F.3d 894, 898-900 (9th Cir. 1996)). Further, Plaintiff alleges no facts demonstrating an affirmative act by any Defendant that placed him in danger.[4] Based on the totality of the story offered by Plaintiff, which was difficult to decipher, the Court has serious doubts whether Plaintiff can state this claim. However, the Court will provide Plaintiff one, and only one, opportunity to amend this claim. Thus, Plaintiff's Protection from Invasion claim is dismissed without prejudice and with leave to amend.

### b.   Conditions of Confinement

Plaintiff's third claim alleging that the Sheriff's Office made threats to Plaintiff's right to "life, liberty, and the pursuit of happiness." ECF No. 1-1 at 9. Other than claims referencing Plaintiff's 2340 Case (*see* the 2340 Case at 5-6, 9), the facts alleged to support this claim reference only that sewage leaks in two inhabited cells for approximately four months. Because Plaintiff is a pretrial detainee his claim is analyzed under the Fourteenth Amendment Due Process Clause, *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979), and the Court must assess whether, based on the

---

[4] A special-relationship exception may apply when the state "takes a person into its custody and holds him there against his will," which is commonly triggered by incarceration or institutionalization. *Patel*, 648 F.3d at 972 (internal citations and quotations omitted). Here, Plaintiff was at home when his home was allegedly burglarized by inmate Stotter. Therefore, because Plaintiff was not incarcerated at the time of the alleged danger, this exception does not apply.

allegations made, Plaintiff was deprived of the "minimal civilized measures of life's necessities." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). If yes, a prison official may be liable if he acted with deliberate indifference to a substantial risk of harm. *Id.* While the presence of a sewage leak could state a claim for relief, *see Hoptowit v. Spellman*, 753 F.2d 779 (9th Cir. 1985), Plaintiff pleads no facts alleging deliberate indifference by an identified defendant. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted).

Based on the foregoing, Plaintiff's Conditions of Confinement claim is dismissed without prejudice and with leave to amend.

    C.    <u>The Municipal Defendants are Dismissed Without Prejudice and with Leave to Amend</u>.

"[M]unicipalities, including counties and their sheriff's departments, can only be liable under § 1983 if an unconstitutional action "'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *Rivera v. County of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)). Under *Monell*, municipalities such as Lincoln County or the Sheriff's Office can only be liable for the infringement of constitutional rights under limited circumstances not alleged in Plaintiff's Complaint. A plaintiff asserting a constitutional claim against a municipality like Lincoln County or the Sheriff's Office under *Monell* must, at a minimum, allege: (1) the plaintiff had "a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (internal quotation marks and citation omitted). Further, before a *Monell* claim will proceed to litigation, a plaintiff must allege one of three liability theories. *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (per curiam). A local governmental entity like Lincoln County or the Sheriff's Office may be held liable when it acts "pursuant to an expressly adopted official policy." *Id.* (citing *Monell*, 436 U.S. at 694); *Lytle v. Carl*, 382 F.3d 978, 982 (9th

Cir. 2004). Alternatively, Lincoln County or the Sheriff's Office may be held liable for a "longstanding practice or custom" that violates a constitutional right. *Thomas*, 763 F.3d at 1170 (citation omitted). Finally, Lincoln County or the Sheriff's Office may be liable under Section 1983 when "'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016)).

Here, Plaintiff alleges that the atmosphere at Lincoln County Detention Center, under the supervision of the Sheriffs, allows for criminals to escape. ECF No. 1-1 at 4. Even if broadly construed as a claim that there is a custom or practice that implicates the right to be free from invasion (as Plaintiff claims), Plaintiff fails to allege sufficient facts to demonstrate an express policy, a longstanding practice or custom that leads to his constitutional harm or the policy was the moving force behind his harm, or that the alleged constitutional harm was committed by an official with final policy-making authority or ratified by such an individual. Accordingly, Plaintiff's claims against Lincoln County and the Sheriff's Office are dismissed without prejudice and with one opportunity for leave to amend.

D.   Representation of Others.

Plaintiff's damages request includes relief sought for Barabara Stevens. However, *pro se* litigants do not have the authority to represent anyone but themselves. *See Simon v. Hartford Life Inc.*, 546, F.3d 661, 664 (9th Cir. 2008). To the extent that Plaintiff is seeking to pursue claims and recovery for Barbara Stevens, the Court recommends these claims be dismissed with prejudice.

E.   Request for Appointment of Counsel.

As a general proposition, a civil litigant has no right to counsel. *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). A court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir.2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). When determining

9

whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The Court finds that this case does not meet the exceptional circumstance standard to which the Court is bound. The lack of adequate legal knowledge, even assuming a case is legally complex, is not an exceptional circumstance "in light of the legal competence of most prisoners in similar situations." *Zamaro v. Moonga*, 656 Fed.Appx. 297, 299 (9th Cir. 2016). Although Plaintiff is an inmate with no access to a law library, these facts do not reflect exceptional circumstances. *See Benton v. Clingman*, Case No. 2:22-CV-02275-JDP (PC), 2023 WL 4493697 (E.D. Cal. July 12, 2023); *see also Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (denying appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education). Plaintiff's request for counsel is denied at this time.

## IV.   ORDER

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) be filed on the docket.

IT IS FURTHER ORDERED that the following are dismissed without prejudice and with **one opportunity** to amend:

    1.   First Amendment Retaliation;

    2.   Fourth Amendment Wrongful Prosecution;

    3.   Fourteenth Amendment Protection from Invasion and Conditions of Confinement; and

    4.   Claims arising under *Monell*.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint he must do so **no later than December 1, 2025**. The amended complaint must be titled "AMENDED COMPLAINT" and must be complete—meaning all facts and all claims Plaintiff wishes to assert must be stated in the amended complaint. Plaintiff must identify the individual or entity involved in the wrongdoing, and allege facts that show that individual or entity engaged in conduct that supports

the claim Plaintiff asserts.  Plaintiff should not include in the amended complaint claims that are recommended for dismissal with prejudice below.

IT IS FURTHER ORDERED that failure to file an amended complaint in compliance with the terms of this Order will result in a recommendation to dismiss this matter in its entirety.

IT IS FURTHER ORDERED that Plaintiff's request for appointment of legal counsel is DENIED.

## V.   RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's Second and Fifth Amendment Claims, and assertions of claims on behalf of Barbara Stevens be dismissed with prejudice:

DATED this 27th day of October, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## ORDER

The deadline for any party to object to this recommendation was 11/10/2025, and no party filed anything or asked to extend the deadline to do so.  "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Having reviewed the report and recommendation, I find good cause to adopt it, and I do.  IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 3] is ADOPTED** in its entirety.  **Plaintiff's Second and Fifth Amendment Claims, and assertions of claims on behalf of Barbara Stevens are DISMISSED with prejudice** and without leave to amend.  If plaintiff desires to file an amended complaint in accordance with the terms of magistrate judge's order above, that **amended complaint must be filed by December 1, 2025.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: November 17, 2025

11