UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CHRISTOPHER JACOB STEVENS,

Plaintiff,

v.

LINCOLN COUNTY, NEVADA, et al.,

Defendants.

Case No. 2:25-cv-01662-JAD-EJY

**ORDER**

Pending before the Court is Plaintiff's Amended Complaint.  ECF No. 6.  After screening Plaintiff's initial Complaint, the Court granted leave to amend on four identified claims.  ECF No. 3 at 10.  Unfortunately, Plaintiff's Amended Complaint suffers from rambling incoherence that is, at times, worse than the initial Complaint and, thus, does not meet the pleading standard required by Rule 8 of the Federal Rules of Civil Procedure.  Plaintiff is given **one** final opportunity to amend.

A complaint having the factual elements of a cause of action scattered throughout an unorganized narrative is not a "short and plain statement of the claim," and may be dismissed for failure to satisfy Rule 8(a).  *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996).  At best, Plaintiff's Amended Complaint suffers from this failure.  Plaintiff is advised that if he chooses to file a Second Amended Complaint it must clearly identify the causes of action—the claims he seeks to assert—the defendants against whom each claim is brought, and the facts that demonstrate the defendant violated Plaintiff's rights.  Each claim must include a short and plain statement of facts sufficient to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While this standard does not require detailed allegations, Plaintiff must provide more than just labels stating unidentified defendants violated the Constitution.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff should consult the Court's prior screening Order (ECF No. 3) outlining which claims the Court construed Plaintiff to be stating and providing guidance on what he must demonstrate to state the claim.

1

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Amended Complaint (ECF No. 6) is DISMISSED without prejudice for failure to state a claim upon which relief can be granted, with **one** final leave to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint he must do so **no later than February 26, 2026**. The amended complaint must be titled "SECOND AMENDED COMPLAINT" and must be complete—meaning all facts and all claims Plaintiff wishes to assert must be stated in the amended complaint.  Plaintiff must identify the individual or entity involved in the wrongdoing, and allege facts that show that individual or entity engaged in conduct that supports the claim Plaintiff asserts.  Plaintiff must also make clear to the Court why his claims are not barred by *Younger* abstention.  Plaintiff should not state claims that have been dismissed with prejudice.

DATED this 26th day of January, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE