UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHRISTOPHER JACOB STEVENS,

Plaintiff,

v.

LINCOLN COUNTY, NEVADA, et al.,

Defendants.

Case No. 2:25-cv-01662-JAD-EJY

**Report and Recommendation**

The Court has before it Plaintiff's Second Amended Complaint (the "SAC"). ECF No. 12. On October 27, 2025, the Court screened Plaintiff's original Complaint recommending some claims be dismissed with prejudice, while dismissing others with instructions to amend. ECF No. 3. Thereafter, Plaintiff filed a Motion to Extend Time, which attached his Amended Complaint. ECF Nos. 6, 6-1. The Court granted the Motion to Extend Time and issued an Order screening the Amended Complaint on January 26, 2026. ECF No. 8. The Court dismissed the Amended Complaint because it failed to comply with Rule 8 of the Federal Rules of Civil Procedure. *Id*. at 1. However, the Court granted leave to amend a second (but final) time directing Plaintiff to consult the Court's prior screening Order (ECF No. 3) that identified each of Plaintiff's claims setting forth the pleading requirements. *Id*. at 2. Unfortunately, Plaintiff did not heed the Court's advice. Instead, Plaintiff's SAC is a 23 page, nonlinear, rambling narrative that cannot be reasonably deciphered.

Rule 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule further states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In essence, a complaint must allege enough facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). A complaint with factual elements of a claim scattered in an unorganized fashion is not a "short and plain statement of the claim" and may be dismissed for failure to satisfy Rule 8(a). *See*

*Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir.1988); *see also McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996).

Plaintiff's SAC does not comply with the pleading requirements stated above. For example, the Court's initial screening Order identified the elements of a retaliation claim under the First Amendment, but noted Plaintiff did not identify what speech he engaged in or what conduct was retaliatory. ECF No. 3 at 5. This time around, the SAC labels a claim as retaliation and similarly fails to provide a short and plain statement identifying any protected speech or retaliatory conduct by the government. Instead, Plaintiff offers a web of allegations that appear to concern a local judge and his family working in the night to conspire against Plaintiff. *See* ECF No. 12 at 7-8.

Under Ninth Circuit law, dismissal for failure to comply with Rule 8 is proper where "the very prolixity of the complaint … [makes] it difficult to determine just what circumstances were supposed to … [give] rise to the various causes of action." *McHenry*, 84 F.3d at 1178; *see also Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981); *Schmidt v. Herrmann*, 614 F.2d 1221 (9th Cir. 1980). "Rule 8(a) has 'been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.'" *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed. 2010)). The Court finds that despite instruction, Plaintiff's claims have become less defined. As currently pleaded, it is less clear than ever what conduct serves as the basis for Plaintiff's lawsuit.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Second Amended Complaint (ECF No. 12) be dismissed without leave to amend.

DATED this 23rd day of February, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).